# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-1884V

Filed: October 24, 2025

| | |
|---|---|
| * * * * * * * * * * * * * | |
| MELISSA BALLARD, | * |
| *as administrator for* ESTATE OF | * |
| KENNETH WAYNE BALLARD, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * | |

*Edward Kraus, Esq.*, Kraus Law Group, LLC, Chicago, IL, for petitioner.
*Joseph D. Leavitt, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On December 21, 2022, Melissa Ballard ("petitioner" filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed acute disseminated encephalomyelitis after receiving a flu vaccine on November 13, 2020. Stipulation, filed October 23, 2025, at ¶¶ 1-4. Respondent denies that the aforementioned immunization caused petitioner's injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On October 23, 2025, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent agrees to issue the following payment:

> **A lump sum of $390,000.00 in the form of an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to Melissa Ballard.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

MELISSA BALLARD, co-administrator of the
Estate of KENNETH WAYNE BALLARD,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.

No. 22-1884V (ECF)
Special Master Roth

## STIPULATION

The parties hereby stipulate to the following matters:

1. On December 21, 2022, petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Program"). The petition seeks compensation for an injury allegedly related to Kenneth Wayne Ballard's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a) (the "Table").

2. Mr. Ballard received a flu vaccine on November 13, 2020.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Mr. Ballard developed acute disseminated encephalomyelitis ("ADEM") as a result of his vaccination. Petitioner further alleges that Mr. Ballard died as a result of his alleged vaccine injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of Mr. Ballard's alleged injury.

6. Respondent denies that Mr. Ballard developed ADEM and denies that the vaccine caused his death or his alleged injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph eight of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum payment of **$390,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that the compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph eight and any amounts awarded pursuant to paragraph nine of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Kenneth Wayne Ballard's estate under the laws of the State of Nevada. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of Kenneth Wayne Ballard's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of Kenneth Wayne Ballard, at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of Kenneth Wayne Ballard, upon submission of written documentation of such appointment to the Secretary.

13. In return for the compensation described in paragraphs eight and nine, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, or assigns, does forever and irrevocably and unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses, and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Ballard resulting from, or alleged to have resulted from, the flu vaccination administered on November

13, 2020, as alleged in a petition for vaccine compensation filed on or about December 21, 2022, in the United States Court of Federal Claims as petition No. 22-1884V.

14. If the Special Master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph nine above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Ballard's death or alleged ADEM or any other injury, or that he suffered an injury contained in the Vaccine Injury Table.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

### END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*/s/ Melissa Ballard*

MELISSA BALLARD

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:**<br><br>*/s/ Ed Kraus*<br><br>ED KRAUS<br>Kraus Law Group, LLC<br>111 West Jackson Blvd<br>Suite 1700<br>Chicago, IL 60604<br>Telephone: (312) 858-2177<br>ekraus@krauslawyers.com | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**<br><br>*/s/ Heather L. Pearlman*<br><br>HEATHER L. PEARLMAN<br>Deputy Director<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, D.C. 20044-0146 |
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**<br><br>Jeffrey S. Beach -S<br>Digitally signed by Jeffrey S. Beach -S<br>Date: 2025.09.18 12:27:02 -04'00'  for<br><br>CAPT GEORGE REED GRIMES, MD, MPH<br>Director, Division of Injury<br>  Compensation Programs<br>Health Systems Bureau<br>Health Resources and Services<br>  Administration<br>U.S. Department of Health<br>  and Human Services<br>5600 Fishers Lane, 14W-18<br>Rockville, MD 20857 | **ATTORNEY OF RECORD FOR RESPONDENT:**<br><br>*/s/ Joseph D. Leavitt*<br><br>JOSEPH D. LEAVITT<br>Trial Attorney<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, D.C. 20044-0146<br>(202) 616-0515<br>joseph.leavitt@usdoj.gov |

Dated: 10/23/2025

5